On Application for Rehearing

BEATTY, Retired Justice.
J.R.V. and M.H.V. seek a rehearing of our opinion of March 5, 1999, wherein this court reversed the judgment of the Colbert Probate Court and remanded with instructions to transfer the case to the Madison Circuit Court for disposition of the case originally filed in Madison County.
J.R.V. and M.H.V. maintain that this court based its March 5, 1999, decision on a “fact” that is not supported by the record. They contend that the record does not support the conclusion that R.C.O. filed a counterclaim in the Madison Juvenile Court. J.R.V. and M.H.V. refer us to page 60 of the supplemental record to demonstrate that R.C.O.’s letter (stating “I am the father” and “I request custody”) was never filed in any court. However, on page 64 of the supplemental record is a copy of R.C.O.’s letter, bearing the circuit clerk’s stamp and dated February 27, 1998, and on page 53 of the supplemental record is the Madison Juvenile Court’s case action summary sheet, which shows that an answer was filed February 27, 1998.
J.R.V. and M.H.V. also argue that although R.C.O.’s motion for a stay was premised on a “pending custody matter,” R.C.O. offered nothing to the Colbert Pro *562 bate Court in the way of proof of a “pending custody matter.” On page 8 of their brief in support of their application for rehearing, J.R.V. and M.H.V. state:
“[R.C.O.’s] written motion for a stay, filed in the Probate Court, does not refer to any sort of proof of ‘a pending custody proceeding,’ and in no way actually discusses this critical question. In it, [R.C.O.] seemed to simply presume the applicability of the stay provision in issue there, Ala.Code 1975, § 26-10A-21. Similarly, the record demonstrates that in orally arguing for a stay, [R.C.O.] again offered nothing in the way of proof to the Probate Court, for example, not a single filing from any other court, properly authenticated or otherwise. See, R.T. 8-9 [oral argument of the motion],
“Finally, there is nothing in the record to show that the Probate Court was otherwise enlightened about [R.C.O.’s] position by having anything before it at the time to otherwise demonstrate the nature of the Madison County proceeding. Notably, the only apparent pleadings in the Probate Court record other than its own, are unauthenticated documents, with no suggestion of why, how, or more importantly, when these documents came to be there.”
(Emphasis in original.) However, R.C.O. filed in the Colbert Probate Court a motion to stay, dated June 9, 1998, which stated, “Another and previously filed custody action is pending in the Circuit Court of Madison County, Alabama, Civil Action No. DR-98-804JLB.” The Colbert Probate Court’s hearing was held June 11, 1998.
The Colbert Probate Court was well aware of the “nature of the Madison County proceedings.” The parties on each side sent letters to the Colbert Probate Court, with attachments, and the guardian ad li-tem, appointed by the Madison County court, filed a motion to intervene and a motion to stay the proceedings, and she appeared at the Colbert Probate Court’s hearing.
APPLICATION OVERRULED; RULE 39(k) MOTION DENIED.
All the judges concur.